**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| BENJAMIN ERNST, | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 5:12-cv-01134 |
| v. | § | |
| | § | Jury Trial Demanded |
| WELLS FARGO BANK, N.A., | § | |
| Defendant. | § | |

## ORIGINAL COMPLAINT

### NATURE OF ACTION

1. This is an action brought under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

### PARTIES

4. Plaintiff, Benjamin Ernst ("Plaintiff"), is a natural person.

5. Defendant, Wells Fargo Bank, N.A. ("Defendant"), is an entity who at all relevant times was engaged, by use of telephone, in the business of attempting to collect an alleged debt from Plaintiff.

### FACTUAL ALLEGATIONS

6. Prior to August 2012, Defendant began placing telephone calls to Plaintiff's cellular telephone number in an attempt to collect an alleged debt for a mortgage loan.

7. In or about August 2012, Plaintiff sent Defendant written communication demanding that Defendant cease and desist from any and all further communications with Plaintiff.

8. In response, Defendant sent Plaintiff written communication dated August 15, 2012 via email, which stated, in relevant part:

> The Wells Fargo Home Mortgage Collections Support Group has received a request from you to stop receiving phone calls from Wells Fargo Home Mortgage regarding the above referenced account.
> \*   \*   \*
>
> Please be advised that you will continue to receive written correspondence from Wells Fargo Home Mortgage, **but you will not receive phone calls, regardless of the status of the account, unless you contact us to reinstate the contact telephone number(s)**.

(See August 15, 2012 Correspondence, attached hereto as Exhibit A) (emphasis added).

9. Subsequently, Defendant sent Plaintiff written communication dated August 22, 2012, acknowledging that Defendant had received Plaintiff's written cease and desist letter on August 14, 2012. (See August 22, 2012 Correspondence, attached hereto as Exhibit B).

10. Despite Plaintiff's revocation of consent for Defendant to place any calls to Plaintiff, Defendant placed non-emergency calls to Plaintiff's cellular telephone using an automatic dialing system and/or an artificial or pre-recorded voice, including, but not limited to, calls placed on the following dates and times:

   1) August 18, 2012 at 9:58 A.M.;

   2) August 21, 2012 at 11:45 A.M.;

   3) August 22, 2012 at 7:48 P.M.;

   4) September 1, 2012 at 2:51 P.M.;

   5) September 4, 2012 at 2:54 P.M.;

6) September 5, 2012 at 5:17 P.M.;

7) September 6, 2012 at 5:45 P.M.;

8) September 10, 2012 at 10:17 A.M.;

9) September 11, 2012 at 6:38 P.M.;

10) September 13, 2012 at 10:28 A.M.;

11) September 15, 2012 at 9:51 A.M.;

12) September 19, 2012 at 9:37 A.M.;

13) September 20, 2012 at 9:22 A.M.;

14) September 21, 2012 at 6:32 P.M.;

15) September 22, 2012 at 10:57 A.M.;

16) September 24, 2012 at 10:19 A.M.;

17) September 25, 2012 at 6:53 P.M.;

18) September 26, 2012 at 9:32 A.M.;

19) September 27, 2012 at 10:05 A.M.;

20) October 1, 2012 at 12:01 P.M.;

21) October 3, 2012 at 9:41 A.M.;

22) October 4, 2012 at 10:04 A.M.

23) October 5, 2012 at 9:37 A.M.;

24) October 6, 2012 at 9:49 A.M.;

25) October 8, 2012 at 10:02 A.M.;

26) October 8, 2012 at 7:29 P.M.;

27) October 10, 2012 at 9:26 A.M.

28) October 11, 2012 at 6:11 P.M.;

29) October 12, 2012 at 9:44 A.M.;

30) October 12, 2012 at 6:56 P.M.;

31) October 13, 2012 at 10:16 A.M.;

32) October 15, 2012 at 9:38 A.M.;

33) October 16, 2012 at 9:31 A.M.;

34) October 18, 2012 at 9:45 A.M.;

35) October 19, 2012 at 9:28 A.M.;

36) October 20, 2012 at 9:41 A.M.;

37) October 23, 2012 at 9:26 A.M.;

38) October 23, 2012 at 7:36 P.M.;

39) October 24, 2012 at 9:22 A.M.;

40) October 25, 2012 at 9:42 A.M.;

41) October 26, 2012 at 7:01 P.M.; and

42) October 27, 2012 at 10:26 A.M.;

11. Upon information and good-faith belief, the telephone calls identified above were placed to Plaintiff's cellular telephone number using an automatic telephone dialing system as on at least one occasion Plaintiff answered the call and heard a stuttering dial tone and was disconnected upon the attempted transfer to one of Defendant's agents and/or employees.

12. Defendant did not place any telephone calls to Plaintiff for emergency purposes.

13. Defendant did not have Plaintiff's prior express consent to make any telephone calls to Plaintiff's cellular telephone number.

14. Upon information and good-faith belief, Defendant placed the telephone calls to Plaintiff identified above voluntarily.

15. Upon information and good-faith belief, Defendant placed the telephone calls to Plaintiff identified above under its own free will.

16. Upon information and good-faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to make and/or place each of the telephone calls identified above.

17. Upon information and good-faith belief, Defendant intended to use an automatic telephone dialing system to make and/or place each of the telephone calls identified above.

18. Upon information and good-faith belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's cellular telephone number.

## COUNT I
## VIOLATION OF TCPA

19. Plaintiff repeats and re-alleges each and every factual allegation above.

20. Defendant violated 47 U.S.C. 227(b)(1)(A)(iii) by willfully and knowingly placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining Defendant from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

c) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3);

 f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

 g) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

 h) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

21. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted,

By: /s/ Russell S. Thompson IV
Russell S. Thompson IV
Bar # 029098
Southern District Bar #: 1572841
RThompson@attorneysforconsumers.com
WEISBERG & MEYERS, LLC
Two Allen Center
1200 Smith Street
Sixteenth Floor
Houston, TX 77002
Telephone: (888) 595-9111
Facsimile: (866) 565-1327

*Attorney for Plaintiff*
BENJAMIN ERNST